IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF INDIANA and SAFECO INSURANCE COMPANY OF AMERICA , | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. 1:23-cv-00907 |
| JAMES MAYER HARRIS, JR., and ARTHUR THEODORE BOUMANS, individually and as the personal representative of the estate of Donald Ray Boumans, | § § § § § § | |
| *Defendants.* | § | |

## ORIGINAL COMPLAINT FOR DECLARATORY RELIEF

Pursuant to 28 U.S.C. §§ 1332 and 2201, Plaintiff SAFECO Insurance Company of Indiana ("Safeco of Indiana") and Plaintiff SAFECO Insurance Company of America ("Safeco of America") bring this action for declaratory judgment against Defendant James Mayer Harris, Jr. ("Harris"), and Defendant Arthur Theodore Boumans ("Arthur Boumans"), individually and as the personal representative of Donald Ray Boumans ("Donald Boumans"), respectfully showing as follows:

## I.  INTRODUCTION

1.      As of August 28, 2021, there was in force a homeowners insurance policy issued by Safeco of Indiana to Harris and Debra DuPont ("DuPont") in connection with their residence in Blanco, Texas.  As of that date, there was also in force an umbrella liability insurance policy issued by Safeco of America to them.  On that date DuPont's adult son, Donald Boumans, who had been living with Harris and DuPont in a guest house on the property, was shot and killed by Harris, who subsequently has been arrested and charged with murder.

2.      Arthur Boumans, individually and as representative of the estate of Donald Boumans, has filed a wrongful-death action against Harris in state court in Blanco County, Texas (the "Underlying Suit").  Harris has tendered the Underlying Suit for defense and indemnity and, pursuant to a reservation of rights, Safeco of Indiana is currently defending him in the Underlying Suit.  Because exclusions in its policy eliminate any coverage thereunder, Safeco of Indiana is entitled to a judgment declaring that it has no duty to defend Harris and no duty to indemnify either Harris or Arthur Boumans.  Similarly, Safeco of America is entitled to a judgment declaring that it has no duty to defend Harris and no duty to indemnify either Harris or Arthur Boumans.

## The Parties

3.      Safeco of Indiana is an Indiana insurance company with its principal place of business in Massachusetts.  Safeco is duly qualified to do and transact business in Texas and executes and delivers insurance policies in Blanco County, Texas.

4.      Safeco of America is a New Hampshire insurance company with its principal place of business in Massachusetts.  Safeco of America is duly qualified to do and transact business in Texas and executes and delivers insurance policies in Blanco County, Texas.

5.      Harris is an individual Texas citizen residing in Bexar County, Texas.  Service may be had on him at his residence at 10342 Abilene Stage, San Antonio, Texas 78245, by private process at that address.  Plaintiffs request that citation be issued and served upon this Defendant.

6.      Arthur Boumans is an individual Texas citizen residing in Jefferson County, Texas. Service may be had on him at his residence at 6950 Glen Willow Dr., Beaumont, Texas 77706, by private process at that address.  Plaintiffs request that citation be issued and served upon this Defendant.

---

**ORIGINAL COMPLAINT FOR DECLARATORY RELIEF**                                                    Page | 2

**Jurisdiction and Venue**

7.      This suit is filed pursuant to 28 U.S.C. § 2201, which authorizes actions for declaratory judgment.  This suit is within the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 because it is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.  Plaintiffs seek a declaratory judgment in connection with a case styled *Arthur Theodore Boumans v. James Mayer Harris, Jr., Cause No. CV09148, in the 424th Judicial District Court, Blanco County Texas*.  The cost of defending Harris through trial and/or paying any judgment rendered in the Underlying Suit would be a sum in excess of the minimum jurisdictional limits of this Court, as the Underlying Suit seeks monetary relief of more than $1 million.  *See* "Exhibit A," Plaintiff's First Amended Original Petition (the "Underlying Petition").

8.      Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b), because the incident giving rise to the Underlying Suit occurred and the Underlying Suit giving rise to the parties' dispute in this declaratory action is pending in state district court in Blanco County, Texas.

9.      All persons having an interest in the outcome of this litigation have been joined as parties.

10.     An actual controversy of a justiciable nature exists between Plaintiffs and Defendants regarding the formers' rights and responsibilities under their respective insurance policies, and there is no other pending legal action seeking to adjudicate such rights or responsibilities.

## II.  BACKGROUND

### The Policies

11.     Safeco of Indiana issued a "Quality Select Homeowners Policy" (No. OY7609219) to the named insureds Harris and DuPont for the period June 10, 2021, to June 10, 2022 (the

"Homeowners Policy").  A true and correct copy of the Homeowners Policy is attached as Exhibit "B."

12.     Safeco of America issued a "Personal Umbrella Policy" (No. UY8077334) to the named insureds DuPont and Harris for the period May 15, 2021, to May 15, 2022 (the "Umbrella Policy").  A true and correct copy of the Umbrella Policy is attached as Exhibit "C."

### The Facts and Disputes

13.     As of August 28, 2021, Harris and DuPont were a married couple residing in Blanco, Texas.  In June 2021, Donald Boumans, DuPont's adult son from her previous marriage, came to live with them, residing in the guest house on the property.  Donald Boumans did not have any other residence between June 2021, when he moved in with Harris and Dupont, and August 28, 2021, when he was killed.

14.     On August 28, 2021, Harris, DuPont, and Donald Boumans were at the residence when an argument ensued.  Harris went to his bedroom and retrieved a 9mm pistol.  As Donald Boumans was attempting to exit the house, Harris fired once, shooting him in the back and killing him.

15.     Harris was indicted for murder by a Blanco County grand jury on March 9, 2022. The indictment states that Harris "did then and there, with intent to cause serious bodily injury to an individual, namely, Donald Boumans, commit an act clearly dangerous to human life that caused the death of said Donald Boumans, by shooting him."  *See* Exhibit "A."

16.     Arthur Boumans, individually and as representative of his son's estate, has filed a wrongful death action – i.e., the Underlying Suit – against Harris.  The first amended petition, the live pleading in the Underlying Suit, alleges in part that Donald Boumans and Harris "had some sort of argument and disagreement" and that "[a]t some point during the disagreement, [Harris]

retrieved a weapon" which he "carelessly and negligently and carelessly discharged . . . in the residence in the direction of [Donald Boumans,]" killing him. *See* Exhibit "A" at ¶ 5. Harris has tendered the Underlying Suit for defense and indemnity, and Safeco of Indiana is providing him a defense under a reservation of rights.

### III.  GROUNDS FOR RELIEF

**A.    Plaintiffs have no duty to defend Harris in the Underlying Suit because Donald Boumans was an "insured" under the Homeowners Policy and a "family member" under the Umbrella Policy.**

17.    In Texas, the duty to defend is determined by the "eight-corners" rule. The "four-corners" of the petition are viewed in light of the "four-corners" of the policy to determine whether an insurer has a duty to defend an insured. *See Zurich Am. Ins. Co. v. Nokia, Inc*., 268 S.W.3d 487, 491 (Tex. 2008). When the underlying pleading lacks the allegations necessary to determine if coverage exists, courts may consider evidence that (1) goes solely to an issue of coverage and does not overlap with the merits of liability, (2) does not contradict facts alleged in the pleading, and (3) conclusively establishes the coverage fact to be proved. *See Monroe Guaranty Ins. Co. v. BITCO Gen. Ins. Co*., 640 S.W.3d 195 (Tex. 2022).

18.    The Homeowners Policy includes the following provisions:

---

#### SECTION II — LIABILITY COVERAGES

---

LIABILITY LOSSES WE COVER

COVERAGE E — PERSONAL LIABILITY

If a claim is made or a suit is brought against any *insured* for damages because of *bodily injury* or *property damage* caused by an *occurrence* to which this coverage applies, we will:

1.    pay up to our limit of liability for the damages for which the *insured* is legally liable; and

2.    provide a defense at our expense by counsel of our choice even if the allegations are groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the *occurrence* equals our limit of liability.

\*\*\*

---

8. *"Insured"* means:

    a.    you; and

    b.    so long as you remain a resident of the Described Location, the following residents of your household at the Described Location:

        (1)   your relatives;

        (2)   any other person under the age of 21 who is in the care of any person described in **8.a.** or **8.b.(1)** above.

\*\*\*

2.    **Coverage E — Personal Liability** does not apply to:

\*\*\*

    g.    *bodily injury* to *you* or an *insured* within the meaning of part **a.** or **b.** of the **Policy Definition, 8.** *Insured*;

19.      The Umbrella Policy includes the following provisions:

**PERSONAL LIABILITY**

We will pay the **ultimate net loss** in excess of the **retained limit** that the **insured** is legally responsible for because of covered **bodily injury, personal injury** or **property damage** caused by an **occurrence.**

\*\*\*

This policy does not apply to any:

\*\*\*

4.    **bodily injury** or **personal injury** to you or any **family member;**

\*\*\*

7.    **"Family member"** means a person related to you by blood, marriage, civil union, domestic partnership or adoption whose principal place of residence is the same as yours. This includes a ward or foster child who is a resident of your household.

20.      Although Donald Boumans's relationship to Harris and DuPont is not mentioned in the pleadings of the Underlying Suit, extrinsic evidence establishes that he was DuPont's biological child from a prior marriage and Harris's stepson. Such evidence also establishes that

Donald Boumans was a resident of Harris and DuPont's household at the time of the shooting. The relationship of the parties is determinative of coverage under the insurance policies at issue and has no bearing on liability. Because Donald Boumans was both a family member and resident of Harris and DuPont's household, liability coverage is excluded for Harris under the Homeowners Policy and the Umbrella Policy.

**B.    Plaintiffs have no duty to defend Harris because Donald Boumans's death was the result of Harris's intentional and criminal act.**

21.    The Homeowners Policy also includes the following provisions:

LIABILITY LOSSES WE DO NOT COVER

1.    Coverage E — Personal Liability and Coverage F — Medical Payments to Others do not apply to *bodily injury* or *property damage*:

a.    which:

(1)    is expected or intended by the *insured* or which is the foreseeable result of an act or omission intended by the *insured*; or

(2)    results from violation of:

(a)    criminal law; or

(b)    local or municipal ordinance

committed by, or with the knowledge or consent of the *insured*.

This exclusion applies even if:

(3)    such *bodily injury* or *property damage* is of a different kind or degree than expected or intended; or

(4)    such *bodily injury* or *property damage* is sustained by a different person, or persons, than expected or intended.

This exclusion applies whether or not the *insured* is charged or convicted of a violation of criminal law, or local or municipal ordinance.

22.    The Umbrella Policy also includes the following, substantially similar provisions:

This policy does not apply to any:

***

3.  **bodily injury** or **property damage** arising out of any act or damage which is expected or intended by any **insured**, or which is the foreseeable result of an act or omission intended by any **insured**, which causes **bodily injury** or **property damage.**

This exclusion applies even if:

a.  such **bodily injury** or **property damage** is of a different kind or degree than expected or intended;

b.  such **bodily injury** or **property damage** is sustained by a different person, persons or property than expected or intended

\*\*\*

i.  arising out of a criminal act or omission committed by or with the knowledge or consent of any **insured**, except those violations of a motor vehicle law.

23.     The live pleading in the Underlying Suit alleges that Donald Boumans and Harris "had some sort of argument and disagreement" and that "[a]t some point during the disagreement, [Harris] retrieved a weapon from a bedroom and carelessly and negligently discharged said weapon in the residence in the direction of" Donald Boumans, who "was struck by the discharged bullet and subsequently died at the scene . . . ."  See Ex. A at ¶ 5.  Regardless of whether the elements of murder are satisfied in his criminal trial, the facts pleaded in the Underlying Suit demonstrate that Harris committed a criminal act by firing or even pointing a gun in the direction of Donald Boumans.  *See, e.g.*, Tex. Penal Code § 22.05 "Deadly Conduct" (a person commits offense by recklessly engaging in conduct that places another in imminent danger of serious bodily injury or knowingly discharging firearm "at or in the direction of" an individual; recklessness and danger are presumed if the firearm was knowingly pointed "whether or not the actor believed the firearm to be loaded").  The criminal acts exclusions of the policies at issue therefore eliminate any coverage, including any duty to defend Harris.

**C.     Plaintiffs also have no duty to indemnify Harris or Arthur Boumans.**

24.     An insurer's duty to defend is separate from its duty to indemnify.  While the duty to indemnify generally is not justiciable until the underlying tort suit is complete, a court may adjudicate indemnity when the same reasons that negate the duty to defend likewise negate any possibility that the insurer will ever have a duty to indemnify.  *Farmers Texas Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997).  Because no evidence can ever be developed in the Underlying Suit that would change the nature of Donald Boumans's relationship to Harris and DuPont or the nature of Harris's act, the Plaintiffs also have no duty to indemnify Harris or Arthur Boumans in the Underlying Suit.

## IV.  CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Defendants be cited to appear and answer herein, and that on final hearing that Safeco have the following judgment:

1.     Declaring that Plaintiffs have no duty to defend or to indemnify Harris in the Underlying Suit;

2.     Declaring that Plaintiffs have no duty to indemnify Harris or Arthur Boumans in connection with any judgment he recovers against Harris in the Underlying Suit; and

3.     Awarding such further relief to which Plaintiffs are justly entitled.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone:     (512) 472-7700
Facsimile:     (512) 472-0205


*{Signature on the following page.}*

---

By:  */s/ Catherine L. Hanna*
     Catherine L. Hanna
     State Bar No. 08918280
     Attorney-in-Charge

**ATTORNEYS FOR SAFECO INSURANCE COMPANY OF INDIANA AND SAFECO INSURANCE COMPANY OF AMERICA**